Missouri Pacific Railroad Company v. Monroe County Road Improvement District.

Opinion delivered February 17, 1919.

1. Highways—assessment—proceedings to correct.—Proceedings in chancery to correct assessments for highway improvements are heard de novo on appeal.

2. Same—assessments—review.—The Supreme Court in reviewing the proceedings of the assessors in estimating the benefits to certain property, will not substitute its judgment for that of the assessors unless the evidence clearly shows that the assessments are erroneous.

3. Highways—assessment of railroad property.—Railroad property is subject to assessment for highway improvement the same as other kinds of real property; the inquiry being as to the enhancement in value or benefits to accrue from the construction of the improvement.

Appeal from Monroe Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*W. R. Satterfield, Troy Pace, Buzbee & Pugh, Hawthorne & Hawthorne, Daniel Upthegrove, Bogle & Sharp* and *Emerson & Donham,* for appellants.

Acts Nos. 121 and 202, 1917, are null and void because (1) they are local acts and passed in violation of article 5, section 26, Constitution; (2) being special or local acts they violate also section 24, article 25, of the Constitution, as a general act could have been made applicable and there was then a general act in force known as the Alexander Road Law; (3) under section 7, article 2, Constitution, the property owners were entitled to have their rights as to the amounts of benefits assessed heard and determined by a jury. Art. 7, § 1, Const. (4) The acts violate section 5, article 16, Constitution, providing for equality and uniformity of assessements and taxation. (5) The acts provide for assessment of benefits, but do not provide for the payment of all damages the property may receive on account of the construction of the improvement and violate also section 13, article 2, Constitution, and there was discrimination against the appellants. § 18, art. 2, Const. (6) The property of appellants is an integral part of an interstate railroad system extending through Arkansas, Missouri and Louisiana and other States and engaged in interstate commerce and any assessment of benefits would be placing a burden on interstate commerce and violative of article 1, United States Constitution, and the interstate commerce acts. (7) Said acts levy an *ad valorem* tax for local improvements on real and personal property. (8) Personal and mixed property cannot be assessed for local improvements or in local improvement districts. But if said acts are valid yet the assessments are null and void because (1) the commissioners have not qualified by taking the oath required by section 2 of Act No. 121. (2) The commissioners did not call upon the State Highway Department to make preliminary surveys and plans and specifications and estimates as to cost, etc., and said department has not made nor filed such plans, surveys and estimates, as required by section 5 of said Act 121. (3) The commissioners have employed engineers who have prepared plans without the approval of said Highway Department.

(4) Said commissioners have not filed in the office of the county clerk complete plans, etc., approved by said Highway Department as required by the acts. (5) The county clerk did not publish for the time and manner required by law notice of the filing of the plans, etc. (6) The county court has never approved any plans, specifications, etc., for the specified improvement nor adopted any such plans, etc., as is required by said acts. (7) Even if the county court had attempted to approve such plans, etc., such attempt did not comply with said acts and such plans, etc., were incomplete and were not approved by the Highway Department. (8) Said assessments do not show nor state the benefits to be received by each tract or parcel of land, railroad or tram road within the district, nor show the real estate that will be damaged by reason of said improvement, nor the amount of damage, nor did the clerk give notice according to law, nor has the county court approved any plans, etc., as required by law. The estimate of cost exclusive of interest exceeds thirty per cent. of the assessed value of the real property within the district and exceeds $8,500 per mile for each mile of road and the estimate includes and takes into consideration funds to be furnished or appropriated by the United States and the State of Arkansas and County of Monroe and from the 3-mill tax to be collected on the property in the district.

The benefits assessed are unjust and arbitrary and discriminatory and excessive and not in proportion to the assessments upon other property in the district for the reason that (1) the property of complainants consists entirely of a right-of-way and railroad track five miles in length, and it is impossible to benefit it. Other property will receive a direct benefit but the railroad property will not, hence the assessment is arbitrary and excessive. 59 Ark. Law Rep. 146, vol. 5; Kirby & Castle's Digest, section 8568; 1 Int. C. C. Rep. 1; 230 U. S. 352; 64 Ark. 555; 240 U. S. 55; 118 Ark. 303; 112 N. W.; 101 Minn. 488; 11 L. R. A. (N. S.) 277; 197 U. S. 430; 45 S. E. Rep. 566; 48 Fed. 377; 81 Ark. 562; 100 *Id.*

562; 121 *Id.* 114; 68 *Id.* 176; 119 *Id.* 254; 192 S. W. 926; 102 *Id.* 371; 62 A. L. Rep. 150; 113 Ark. 493; 134 N. Y. Sup. 883; 230 U. S. 232, 475; 111 Ark. 474; 99 N. E. 638; 25 *Id.* 962; 205 U. S. 135; 172 *Id.* 269; 181 *Id.* 324; 239 *Id.* 206; 239 *Id.* 478; 197 *Id.* 430; 239 *Id.* 254; 181 *Id.* 234, 196, etc.

*C. F. Greenlee* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

42 Fed. 377 is not applicable here, because the facts are different, as well as the evidence. The Legislature clearly had the power to include all the plaintiff's property and to assess according to the benefits received. Railroad property is taxable for local benefits and the manner is matter for the law-making power. 197 U. S. 430; 113 Ark. 493. The other objections by appellants are untenable. The assessment is not excessive nor unreasonable. 97 Ark. 334; 113 Ark. 496; 205 S. W. 293-5; 246 Fed. 687; 205 S. W. 293; 113 Ark. 493; 197 U. S. 430. The method of assessment has been frequently upheld by this court. 81 Ark. 562; 121 *Id.* 105; 77 *Id.* 384; 108 *Id.* 421; 98 *Id.* 116; 103 *Id.* 127; 151 U. S. 480; 97 Ark. 334. It is settled that the ultimate authority to assess may be placed in the hands of a board with no right of appeal. 96 Ark. 410; 110 *Id.* 514; 126 *Id.* 145.

McCULLOCH, C. J. The Monroe County Road Improvement District was created as a local improvement district by a special statute enacted by the General Assembly of 1917, authorizing the improvement of a highway running a distance of about twenty-two miles across Monroe County, from a point on Cache River, opposite the railroad station at Brassfield and running easterly parallel with the line of railroad of the Chicago, Rock Island & Pacific Railway Company to the east line of Monroe County. The route does not run entirely parallel with the line of railroad referred to, but substantially so, there being considerable variance at certain points. There is situated within the district the main line of railroad of the Chicago, Rock Island & Pacific Railway Com-

pany, and also one of its branch lines; and the main line of the St. Louis Southwestern Railway Company, and also one of the branch lines of the Missouri Pacific Railroad Company.

The statute provides for the creation of a board of improvement and specifies the duties of the board with respect to assessment of benefits, the construction of the improvement and other matters necessary to carry out the purposes of the statute. It is provided that after the formation of plans for the improvement and approval thereof by the county court the commissioners shall proceed to assess the benefits to be received by the real property in the district, including railroads, and when the assessment is completed the same shall be filed with the county clerk and notice thereof published so as to afford a hearing before the commissioners to all owners of real property. And it is further provided that any owner who appears at the hearing before the commissioners and makes complaint in writing against the assessments, and who feels aggrieved at the action of the commissioners at such hearing, may institute an action in the chancery court within thirty days after said hearing by the commissioners for the purpose of reviewing the action of the commissioners in the assessment of benefits.

Separate actions were instituted in the chancery court by each of the railroads mentioned above asking for a correction of the assessments alleged to be excessive. In each of the complaints there was also an attack made on the validity of the statute and the proceedings thereunder, but those attacks have been abandoned, and the sole question presented on this appeal relates to the correctness of the assessments made by the commissioners sitting as a board of assessors. Certain individual owners of real property situated in the district also joined in the action attacking the correctness of their assessments, and all of the actions were consolidated in the chancery court and heard together. The consolidated causes were heard upon oral testimony, and a final de-

ARK.]    Mo. Pac. Rd. Co. v. Imp. Dist.    573

cree was rendered dismissing each of the complaints for want of equity.

The present proceedings instituted pursuant to the terms of the statute constituted a direct attack upon the correctness of the assessments, and, since the statute provides for the proceedings to be instituted in the chancery court, the case comes here for hearing *de novo* on the record made below, as in other appeals in chancery causes. The sole question, therefore, for our consideration is whether the evidence sustains the findings of the chancellor that the assessments of benefits against the property of the several appellants were correct and were in substantial uniformity with the assessments of other property in the district.

There is a sharp conflict in the testimony, and we are unable to say that it is against the findings of the chancellor. An estimate of benefits resulting from a local improvement to a given piece of property is largely a matter of opinion, and generally there is a wide difference of opinion on such questions. Under those circumstances, a great amount of deference is due to the judgment of the board of assessors who are constituted as a special tribunal for the purpose of determining that question, and courts reviewing the proceedings of the assessors should not substitute the judgment of the judges for that of the assessors, unless the evidence clearly shows that the assessments are erroneous.

No useful purpose would be served in analyzing the testimony at length, but it has all been carefully considered, and we are of the opinion that the state of the testimony is such that the conclusion of the board of assessors as to the proper amount of the estimate of benefits should not be disregarded or disturbed.

Railroad property is subject to assessment for local improvement the same as other kinds of real estate, but the ascertainment of benefits to that kind of property is more difficult for the reason that it stands, to some extent, in a class to itself. Still, the inquiry as to that kind of property is to ascertain the enhancement in value or

benefits to accrue from the construction of the improvement, and all of the elements which tend to create such benefit are to be considered. We think that when these various elements are considered in the present instance it cannot be said that the assessments against the railroad property are unjust or are out of harmony with the assessment of benefits against other property in the district.

We find, too, that the evidence does not show that the assessments of the individual appellants were incorrect.

The decree in each of the cases is affirmed.