ROGERS v. ARKANSAS-LOUISIANA HIGHWAY, IMPROVEMENT DISTRICT.

Opinion delivered June 30, 1919.

1. HIGHWAYS—ASSESSMENTS—INEQUALITY.—On appeal from assessments in a highway improvement district where the assessments have been made by zones, a gross inequality is not shown by the fact that lands nearer the improvement are assessed less than those farther away where it appears that a large lake lies between such improvement and the lands assessed at the lower rate.

2. HIGHWAYS—ASSESSMENTS.—Upon review of highway assessments, the fact that a drainage ditch 36 feet wide separates the assessed lands from the highway does not establish that the improvement will not benefit the lands.

3. HIGHWAYS—REVIEW OF ASSESSMENTS.—A great amount of deference is due to the judgment of the assessors in estimating the benefits from a highway improvement, and reviewing courts will not substitute their judgment for that of the assessors unless the evidence clearly shows that the assessments are erroneous.

4. HIGHWAYS—ASSESSMENTS—REVIEW.—In reviewing assessments made by the board of assessors of a highway improvement district, the question is not what the usable value of the road is to a particular tract of land, but to what extent has the improvement enhanced the value of the land.

Appeal from Desha Chancery Court; *E. G. Hammock,* Chancellor; affirmed.

*F. M. Rogers,* for appellants.

1.  The assessments of benefits are unequal, not uniform and excessive.

2.  Many lands are not benefited at all.

3.  The assessments are out of proportion to and in excess of benefits.  Hence the assessment is illegal and void.   98 Ark. 113; 103 *Id.* 127; 108 *Id.* 419; 113 *Id.* 493. See also 14 Ark. 286; 31 *Id.* 557; 35 *Id.* 169; 60 *Id.* 409.

*E. E. Hopson* and *Rose, Hemingway, Cantrell &
Loughborough,* for appellees.

The assessments were valid and made according to
law. The presumption is that they are valid, and there
is no showing to the contrary. 99 Ark. 508; 84 *Id.* 257;
94 *Id.* 563; 197 U. S. 430-433. The amount of better-
ments to each tract is a mere matter of forecast and esti-
mate. *Ib.;* 21 Ark. 60; 50 *Id.* 513; 64 *Id.* 258, 265-6. The
gist of the whole matter is clearly stated in 100 Ark. 366,
369.

We must depend upon the opinions of men of sound
judgment and reasonable information to determine what
future benefits will be. 113 Ark. 493-6. When the Leg-
islature has fixed the amount of assessment for benefits,
its finding is conclusive unless there is arbitrary and
manifest abuse of power which must be shown. 100
Ark. 366; 140 S. W. 585; 108 Ark. 419; 201 S. W. 798;
98 Ark. 544. See also 2 Cooley on Taxation (3 ed.),
1226, and cases cited.

SMITH, J. Appellants are owners of lands lying in
the Arkansas-Louisiana Highway Improvement District,
and pursuant to section 13 of the act creating that district
filed suits in the chancery court of the county in which
their lands are located to have their assessments revised.
The interests of these complaining land owners are not
identical, and they have attacked their assessment on
different grounds. Indeed, to grant relief to some of
them on the grounds assigned would result in denying
relief to others. For instance, certain of these land-
owners say that the assessment of benefits should be lev-
ied on the lands throughout the district as a whole, and
each tract should bear an equal and uniform burden of
the cost; while one of the land owners whose lands re-
ceived the lowest assessment insists that his lands should
not have been assessed at all.

The relief prayed was denied by the chancery court,
and this appeal has been prosecuted to review that action.

It is insisted that a gross inequality exists between certain lands in Chicot County in township 15 south, range 2 west, and township 16 south, range 1 west, and other lands in the district, because the lands in Chicot County are nearer the road to be improved, yet bear a less amount than other lands farther away. But these lands in favor of which it is said a discrimination has been made are situated on the east bank of Lake Chicot— a body of water as wide and and as deep as the Mississippi River and eighteen miles long—which lies between the road and the lands which are said to have a grossly inadequate assessment against them. We think there is less merit in this contention than there is in that of the owners of the lands lying east of the Lake that their lands should not be assessed at all. Those owners base their contention upon the grounds that the lake is unbridged, and that the owners of lands east of the lake would make but little use of the highway if it were improved. However, it is shown that a ferry is operated across the lake and that once the property owner is across the lake he has connection with the largest system of improved roads ever undertaken as a single enterprise in this State. This assessment was made by "zones," the eighth zone being charged with the lowest assessment, and it is shown that these lands east of the lake were reduced from the second to the eighth zone by the commissioners when the assessment of benefits was made, upon the complaint of the property owners.

Other property owners complain of their assessments because a drainage ditch thirty-six feet wide lies between their lands and the improved road, and the argument is made that they should not, therefore, be assessed at all. But we think the argument is without merit. These ditches can be bridged.

Other owners complain that they will not use the improved road after it is constructed but that it will be more convenient for them to continue to use the unimproved roads which they are now using, and this contention is presented with great earnestness, and it is insisted

that for the reasons stated these owners, who will not use the improved road, should pay but little, if any, of the cost of the improvement.

We announced the rule to be followed by this court in the decision of questions of this character in the case of *Mo. Pac. Ry. Co.* v. *Monroe County Road Improvement Dist.*, 137 Ark. 568, 209 S. W. 728, where it was said: "An estimate of benefits resulting from a local improvement to a given piece of property is largely a matter of opinion, and generally there is a wide difference of opinion on such questions. Under those circumstances a great amount of deference is due to the judgment of the board of assessors who are constituted as a special tribunal for the purpose of determining that question, and courts reviewing the proceedings of the assessors should not substitute the judgment of the judges for that of the assessors, unless the evidence clearly shows that the assessments are erroneous."

When that test is applied we do not feel warranted in disturbing the assessments made by the commissioners. The question is not what the usable value of a road is to a particular tract of land, but to what extent has the improvement enhanced the value of the land. It is against this enhanced value or betterment that the tax is levied to pay for the construction of the improvement which is to bring about the enhanced value. One owner of land might use a road which neither his predecessor nor succcessor in title would use. But it appears fair and reasonable to say that land must necessarily be benefited or enhanced in value by having an improved road constructed in such proximity that the land owner may use the road if he desires to do so.

The assessments on the lands of the complaining owners run from two to six dollars per acre, the payment of which is extended over a period of twenty years, and in return for this they are given access to highly improved roads of a total length of one hundred and fifty-five miles through a territory where, according to the agreed statement of facts, the existing roads are impassable at certain seasons of the year.

It may be true that inequalities exist in the assessments; but, as the question of values and benefits is largely one of opinion, we are constrained to approve the assessments as made by the commissioners as revised by the court below (that revision consisting in striking from the assessment rolls the lands lying outside of the Mississippi River levee which had inadvertently been assessed), because we can not say that the evidence clearly shows that the assessments are erroneous. The decree is, therefore, affirmed.