WILKINSON *v.* ST. FRANCIS COUNTY ROAD IMPROVEMENT
DISTRICT No. 1.

Opinion delivered December 8, 1919.

1. HIGHWAYS—ASSESSMENTS.—In assessing benefits from a road improvement, the question is, to what extent will the proposed improvement enhance the value of the property against which the assessment is to be levied?

2. HIGHWAYS — REVIEW OF ASSESSMENTS.—The judgment of the judges who review assessments for road improvements should not be substituted for that of the assessors, unless the evidence clearly shows that the assessment is erroneous.

3. HIGHWAYS—ASSESSMENTS OF TOWN AND COUNTRY LAND.—Where town and country lands are assessed for the cost of a road improvement, the owner of country land can not complain of inequalities in the assessment of the town lots if the municipal assessments as a whole are not too low.

4. HIGHWAYS—ZONAL ASSESSMENTS.—Assessments of lands in a road district on a zone system at so much an acre depending upon their proximity to the road are not subject to judicial review because such assessments are not based upon the relative valuations of the lands assessed.

Appeal from St. Francis Chancery Court; *A. L. Hutchins,* Chancellor; affirmed.

*W. J. Lanier,* for appellant.

1. While the act No. 157, Acts 1917, page 814, was legally passed and valid (133 Ark. 64), the assessment of benefits against appellant's property are unjust, unequal, unequitable and disproportionate and not in accordance with the provisions of the act, and under section 12 of said act the chancery court should be required to equalize the assessments of the entire district, and erred in refusing to set aside the unjust and arbitrary assessments on appellant's property. 86 Ark. 14; 32 *Id.* 31; 49 *Id.* 202; 68 *Id.* 377; 69 *Id.* 68; 99 *Id.* 508.

2. Section 11 of the act is mandatory that the whole board shall act in a body, and here it is shown that three of the commissioners took no part, but only made a superficial examination of the assessment after its completion. Cooley on Taxation (2 Ed.) 257; 127 Ark. 315; 86 *Id.* 1.

3. Benefits can not be remote, contingent or speculative. 2 Page & Jones on Tax. by Assessment, § 652. Property can not be assessed for general benefits. 2 Page on Tax., etc., § 654. Special use of property as bank buildings, etc., can not be considered. *Ib.,* § 655. Special assessments can be supported only on the theory that the property assessed will be specially benefited by the assessment, and the assessment must not exceed the benefits, and must be proportionate to the benefits. 48 Ark. 370; 69 *Id.* 68; 71 *Id.* 4; Cooley on Tax (2 Ed.) 639-659, 661; 81 Ark. 162. The finding of the commissioners is not conclusive. 71 Ark. 556.

4. The constitutional requirements of uniformity and equality apply to local assessments, both in and out of cities and towns. 48 Ark. 370. And the requirement is satisfied only when assessments are imposed equally upon all standing in like relations. 64 Ark. 555; 70 *Id.* 549; 83 *Id.* 344.

5. Commissioners' acts in making assessments only *prima facie* and can be overcome by evidence and their acts are subject to review by the courts. 81 Ark. 80; 68 *Id.* 380; 80 *Id.* 462; *Ib.* 316; 80 *Id.* 97; 2 Page & Jones on Tax., etc., § 672. If district embraces both city and urban property, all must be fair, equitable and just in the assessment. 99 Ark. 100. Assessments may be reduced. 2 Page & Jones, Tax., etc., pp. 34-86, 698. They must be according to benefits. 81 Ark. 208; 98 *Id.* 100; 118 *Id.* 119; 103 *Id.* 452; Cooley on Tax. (2 Ed.) 638, 262, 559-61. See also 127 Ark. 315.

6. Act 157 requires the whole board to act. 119 Ark. 188; 98 *Id.* 113 and *supra.*

*S. S. Hargraves* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

The only question is whether an assessment by zones is proper. The commissioners held it was and so acted. This method is almost universal and is upheld by the courts. 240 U. S. 242; 134 Ark. 299; 213 S. W. 775; 133 Ark. 121-123-5. See also 134 Ark. 14; 213 S. W. 749-775.

SMITH, J.  Appellant is a large land owner in Road Improvement District No. 1 of St. Francis County, which was created by Act No. 157 of the Acts of 1917 (Acts 1917, page 814), and he seeks by this appeal to have the assessments against his lands vacated and set aside upon the ground that they are excessive, confiscatory and disproportionate to other assessments.  This is a direct proceeding to review by appeal the refusal of the chancery court to revise and reduce appellant's assessments.  He insists that the assessments were made by zones, the assessments against each tract being determined solely by a consideration of the zone within which the lands are located and without reference to the benefits to be derived from the proposed improvement.

It is undisputed that the assessment was made by zones, under which all lands lying within one mile of the proposed road were placed in the first zone and a betterment of seven dollars per acre assessed; and that lands lying more than one mile but within two miles of the road were placed in the second zone and a betterment of six dollars per acre assessed, and so on with other zones, the theory being that betterment from the improvement was in proportion to proximity to it.  As a result of this theory and method of assessment, it is undisputed that lands lying in the same zone will have the same acreage assessment and that lands shown to be worth more than one hundred dollars per acre will pay no more tax than lands shown to be now worth less than five dollars per acre.

But the assessment is not necessarily to be condemned on that account.  In the case of *Board of Improvement* v. *Southwestern Gas & Electric Co.,* 121 Ark. 105, the board of assessors made a horizontal assessment of twenty per centum of the value of the real property in the district as assessed for State and county purposes. The purpose for which that district was organized was to acquire, construct and equip a water plant and system.  In that case the court below had held the assessment illegal and erroneous; but in reversing that finding we said:

"If the chancellor meant to hold that the assessors could not, even after giving due consideration to all the elements which go to make up the benefits to be derived from the stated improvements, make an assessment which resulted practically in a percentage of the value according to the assessment of taxes for State and county purposes, he was in error, for there is no sound reason why that method may not be adopted if that basis of assessment results in arriving at the real benefits from the improvement. If, however, a basis of that kind is adopted arbitrarily and without any relation to the real benefits to be derived, it is invalid and should be set aside. We have decided in numerous cases that a legislative ascertainment that benefits from a local improvement accrue in proportion to the value of the property affected will be respected unless it be demonstrated to a certainty that a mistake has been made."

Upon a review of the testimony in that case we reached the conclusion that the testimony did not warrant the conclusion that the board of assessors had acted arbitrarily in reaching the conclusion that the benefits to all property in the district would accrue in proportion to values. The assessors in that case were men familiar with the real property in the district, and in their meetings they had reached the conclusion that all the property in the district would be relatively benefited in proportion to the value thereof—the assumption being that the assessment of value by the county assessor was correct—and that a percentage assessment based on that valuation would represent the true benefits to be derived from the improvement. In that case it was shown that some of the property in the district was so situated that it did not then need the supply of water which was to be afforded by the construction of the improvement; yet we held that that fact was not necessarily conclusive that the benefits to all the property in the city might not accrue alike in proportion to the value of each piece of property.

In the case of *Alcorn* v. *Bliss-Cook Oak Co.,* 133 Ark. 118, the directors of the levee district sitting as a board of assessors imposed a tax of ten cents per acre upon each acre of land in the district. This assessment was resisted by the oak company on the ground that it was not proportionate to benefit. We approved the assessment, however, and in doing so said that "if the construction of the levee increases the values of the different classes of land within the district proportionately, there is no injustice. In this way the burden will be distributed in proportion to the benefits."

In the case of *Rogers* v. *Arkansas & Louisiana Highway Improvement District,* 139 Ark. 322, we said:

"The question is not what the usable value of the road is to a particular tract of land, but to what extent has the improvement enhanced the value of the land? It is against this enhanced value or betterment that the tax is levied to pay for the construction of the improvement, which is to bring about the enhanced value."

In making the assessments to pay for any proposed improvement the question is to what extent will the proposed improvement enhance the value of the property against which the assessment is to be levied, for it is this enhanced value which is taxed. The method of arriving at that enhanced value is to be determined by the men charged with that duty, and, as we have frequently said, the judgment of the judges reviewing the assessments should not be substituted for that of the assessors who made the assessments unless the evidence clearly shows that the assessment is erroneous.

Applying that test, what disposition shall be made of the assessment in the present case? The board here consists of seven members, who were named in the act and who appear to be successful men of affairs who have a general knowledge of the lands in the district. It must be confessed that portions of the testimony of some of these commissioners would appear to indicate that distance from the road was the only thing taken into account in assessing the betterments. But we think this a mere infelicity of speech, and while, as we have stated,

lands in the same zone, differing widely in market value and in usable value, received the same assessment per acre, this result was achieved because the commissioners had determined that each piece of land in the first and other zones received benefits equal to those of other lands in the same zones. Of course, mathematical accuracy in this respect is not required, because values and benefits are at last mere matters of opinion, and we can expect nothing more than an intelligent judgment honestly and fairly exercised. The commissioners all testified that it was their purpose to make a fair, just, equal and proportionate assessment of the benefits and that the assessment by zones met that requirement. It is true one or more of the assessors thought the assessment should be made *ad valorem,* but they yielded to the majority, and it is not shown that a substantially different result would have been reached had that method been employed.

There is testimony that much of the land owned by appellant received an assessment greater than its present market value. These were lands shown to be of small value chiefly because of the recurring overflows from the L'Anguille river, which winds it tortuous course through them. It is not shown or contended that these lands are beyond reclamation by drainage or by levees, and it is a matter of such common knowledge that courts may know it that levees and drains have passed beyond the experimental stage.

Considerable testimony was offered for the purpose of proving inequalities in the assessments of lots in the city of Forrest City and in the town of Palestine; but the owners of these lots against which these inequalities are said to exist do not appear to have complained, and, as appellant owns none of those lots, his only right to complain would be that the municipal assessments are too low as a whole, and as that complaint is not made this testimony appears to be immaterial in this litigation.

Upon a consideration of all the testimony in this case we do not feel warranted in revising appellant's assessments, and the decree of the court below approving them is, therefore, affirmed.