PATTERSON *v*. ROAD IMPROVEMENT DISTRICT No. 3 OF NORTHERN DISTRICT OF WOODRUFF COUNTY.

Opinion delivered March 15, 1920.

1. HIGHWAYS — IMPROVEMENT DISTRICT — BASIS OF ASSESSMENT.—In assessing land within a road improvement district, it is proper to take the value of the land as enhanced by the improvement as the basis.

2. HIGHWAYS—ASSESSMENT OF TOWN LOTS.—The assessment of land as town lots and not as farm land, though used for agricultural purposes, is not arbitrary where the land has a potential value as town lots, and where the assessment was proportionate to other unimproved town lots lying in the same zone.

Appeal from Woodruff Circuit Court, Northern District; *Roy D. Campbell*, Special Judge; affirmed.

*Gustave Jones*, for appellant.

There is no evidence to sustain the assessments or the judgment of the circuit court. The assessment against appellant's farm land (a 32-acre farm tract) is ten times as great as against other lands in the vicinity and his lands are practically worthless. The assessment is arbitrary and unjust. There was really no assessment according to benefits at all, but the assessment was purely arbitrary, speculative and guesswork.

*Harry M. Woods*, for appellee.

The assessors followed the only reasonable method of assessing lands by dividing it into zones and considering the increase in value by reason of the improvement. There was no conspiracy to impose on appellant, and the judgment is correct.

SMITH, J. Appellant owns lands in Road Improvement District No. 3 of Woodruff County, and he seeks by this appeal to have his assessments revised and reduced. It appears that a tract of land owned by him was as-

sessed with an excessive acreage; but a proper reduction was made in that respect. The relief prayed, however, in regard to the assessment against the northeast quarter, southeast quarter, section 6, township 5 north, range 2 west, was denied. It appears that this land includes the town of Patterson, and is assessed at the rate of $100 per acre.

It appears that Patterson is a small village, but is the junction of the Missouri Pacific and the Chicago, Rock Island & Pacific railroads, and these railroads cross in the forty-acre tract above described. As we understand the record, this entire tract has been subdivided into lots and blocks, but, notwithstanding that fact, thirty-two acres of it is in a field and is cultivated as a part of appellant's plantation. No complaint is made against the assessment of the eight acres; but it is said that the assessment of the thirty-two-acre field is arbitrary and excessive.

It was shown, however, that the assessment was made by zones, and it is admitted that all unimproved lots and blocks lying in the same zone as appellant's lots bear the same assessment, and no complaint is made of these assessments; the complaint is that the thirty-two acres should be assessed as farming lands, and not as town lots.

One of the assessors explained that in making this assessment against appellant's lots—as in all other cases—they took the value of the lots as they would be, in their opinion, when the road had been completed, and this enhanced value above the value of the lots without the road was the betterment assessed against each lot or block. It thus appears that no mistake was made in adopting an erroneous basis for the assessment, and as the appeal comes from a judgment of the circuit court approving the assessment it must be affirmed unless we can say the testimony is not legally sufficient to sustain it. *Rogers* v. *Ark. & La. Highway Imp. Dist.,* 139 Ark. 322; *Missouri Pac. Ry. Co.* v. *Monroe County Rd. Imp. Dist.,* 137 Ark. 568.

Appellant himself platted the thirty-two acres into lots and blocks, and it is not made to appear from the testimony that the assessors acted arbitrarily in adopting these subdivisions for the purpose of making the assessment. In other words, it is not shown to be arbitrary to adopt appellant's own disposition of the land for purposes of assessment, and when considered as lots and blocks, rather than as an unplatted field, the assessment is uniform with the assessment of other lots and blocks lying in the same zone.

There was some testimony to the effect that some of appellant's land were in Cache River bottom, and that a road would serve as a levee and do the lands more harm than good. But that was not the opinion of the assessors, and we do not think the testimony shows that the lands would not be benefited by the improvement.

The chief insistence, however, is that the thirty-two acres should be assessed as farm lands, and not as town lots, and that that property can never receive a benefit as great as that assessed, because it is farm land. We do not feel called upon to decide, as a matter of law, that farm lands might not in some instances be enhanced in value to the extent of $100 an acre; but to the insistence here made, that such an assessment is arbitrary and unreasonable and bears no just proportion to other farm lands of equal value similarly situated, it may be said that we have here not merely farm lands, but town lots, and the assessment as town lots is proportionate to other unimproved town lots in the same zone.

Appellant testified that, with the consent of the town council, he withdrew the plat; but it does appear that, in addition to being adapted to farming purposes, the land has a potential value as town lots; and the assessors testified that in assessing the land they treated it as town lots and that the assessment made was on that basis. As it does not affirmatively appear that this action was arbitrary, we must affirm the judgment of the court below approving the assessment.

HART, J. (dissenting). Mr. Justice WOOD and the writer dissent on the ground that the assessments exceed the special benefits conferred by the improvement upon the 32-acre tract of appellant.

Local assessments are imposed for local improvements because the property within the proposed district is peculiarly benefited. We recognize that absolute equality can not be attained and that individual cases of hardship will arise which the courts can not review. This rule, however, can not be so extended that the levy of the assessment shall clearly exceed the special benefits received by the property assessed from the impovement and thereby amount to a virtual confiscation of the propety. We assert with great confidence that the case at bar is one of those extreme cases which will justify the intreference of the courts in order to prevent the property owner from being arbitrarily deprived of his property.

Patterson is a small town containing about 200 inhabitants. It is true the 32 acres in controversy are situated within the limits of the town of at one time was platted into lots and blocks. According to the testimony of Patterson, however, he has not been able to sell off any lots and blocks for the past two years, and the property is used exclusively as farm property. The plat was withdrawn by an ordinance of the town. Patterson's testimony in this respect is not contradicted, and we think the assessment of $100 an acre, making a total of $3,200 for the 32 acres in question, is but an appropriation of it by the exercise of arbitrary power under the guise of taxation. The record does not show how long the road is which is to be impoved; but it does show that it is within the limits of the northern district of Woodruff County. The road is already in existence, and no improvement of it can benefit the land to the extent of $100 per acre. The property is used exclusively for farm purposes. No lots have been sold from it for the past two years, and Patterson testifies that the council has, by ordinance, withdrawn his map and plat of the 32 acres. This indicates that

none can be sold in the immediate future. The assessment manifestly exceeds the benefits which can accrue to the property, and such an arbitrary power over property does not exist under our form of government.

Therefore we respectfully dissent.