PAVING DISTRICT No. 3 *v.* MEYER.

Opinion delivered May 14, 1923.

1. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—REASSESS-MENT OF BENEFITS.—Where an assessment of benefits in a street improvement district is found to be invalid for any reason, it may be withdrawn and a new assessment made.

2. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—PRESUMPTION AS TO ASSESSMENT.—Even on a direct attack on an assessment of benefits in a street improvement district, there is a presumption in favor of the validity of the assessment, and the courts will not substitute their judgment for that of the assessors, unless this presumption is overcome by satisfactory evidence.

3. MUNICIPAL CORPORATIONS—IMPROVEMENT DISTRICT—ASSESSMENT. Evidence *held* insufficient to overcome the presumption in favor of the validity of an assessment of benefits in a street improvement district.

Appeal from Crawford Chancery Court; *J. V. Bour-land,* Chancellor; reversed.

*E. L. Matlock,* for appellant.

The court erred in refusing to strike out the supplemental complaint which tendered a new issue. The case was remanded for further proceedings (148 Ark. 623), and, in absence of specific directions, new issues could not be introduced. 149 Ark. 401. A new assessment of benefits was properly made before the mandate of this court was filed below. None but board of assessors can make assessment of benefits. 151 Ark. 398; 71 Ark. 4. No irregularity in the proceedings of the city council relative to new assessment. No evidence to overcome the presumption in favor of the assessment. 80 Ark. 462; 81 Ark. 80; 84 Ark. 527; 93 Ark. 563; 98 Ark. 543; 99 Ark. 508; 141 Ark. 164.

*Starbird & Starbird,* for appellees.

The former assessments on appeal were held to have been made on a proper basis, and the court below could well have determined that the new assessment was invalid for a like reason, that certain elements tending to show benefits were not considered. 86 Ark. 14. The

action of the commissioners and city council in making the new assessment was premature. 98 Ark. 552.

*E. L. Matlock,* in reply.

Second assessment not premature. Cases of 86 Ark. 1 and 98 Ark. 543, distinguished.

McCulloch, C. J. There were two separate improvement districts organized at the same time by the city council of Van Buren, under the authority of general statute (Crawford & Moses' Digest, § 5647 *et seq.*), one designated as Paving District No. 3, for the purpose of paving certain streets, and the other designated as Curb and Gutter District No. 1, for the purpose of curbing, guttering and draining the streets which were to be paved through the instrumentality of the other district. The two districts covered the same territory.

There was an attack made upon the validity of the district and upon all of the proceedings thereunder, including the assessment of benefits, by certain property owners in the district, who instituted an action in the chancery court. Said court decided all the points against the attacking parties, but, on appeal to this court, it was decided that the plans showed that the cost of the improvement was to exceed the limit prescribed by the statute, that is to say, twenty per cent. of the assessed valuation of the property, and for that reason the plans could not be carried out; and this court also decided that the assessments were void and unenforceable for the reason that they were not made by the assessors upon the proper basis, in that elements which tended to establish benefits were not considered. The decree of the chancery court was reversed and the cause remanded "for further proceedings to be therein had, according to the principles of equity and not inconsistent with the opinion or this court." *Meyer* v. *Board of Improvement,* 148 Ark. 623. The decree of the chancery court upholding the validity of the district upon the points of attack made was affirmed by this court, but, before the mandate of this court was filed in the chancery

court, the commissioners of each of the districts appeared before the city council and presented revised plans of the improvement, showing reduction in the cost, and asking that the city council, by order, direct a new assessment of benefits, and the council passed a resolution to that effect. Another member of the board of assessors of each of the districts was substituted, for one failed to serve, and a new assessment of benefits was made for each district. The assessment lists were filed with the city council and notice given, as provided by statute, and there was a hearing before the city council. The appellees, who were the original plaintiffs in the case which was appealed to this court and remanded, appeared before the city council and made objections to the assessments, but these objections were overruled, and the assessments were approved, and, within thirty days after the ordinance approving the assessments and imposing them upon the property of the district, appellees filed a supplemental complaint in the original action then pending in the chancery court, on remand from this court, attacking the validity of the new assessments on the ground that they were made without authority before the mandate of this court was filed in the chancery court, and also on the ground that the assessments were made on the wrong basis, in that the assessors failed to take into account all the essential elements tending to make up the benefits. The commissioners of the district objected to the filing of this complaint, on the ground that th chancery court was confined to the entry of a decree pursuant to the opinion of this court, and that it had no right to permit new issues to be formed concerning the new assessments.

Appellants filed a motion to strike the supplemental complaint from the files, which was overruled by the court, and there was a hearing on oral and documentary evidence introduced, and the chancery court decided that the new assessments were void. Another appeal has been proscuted to this court by each of the two districts.

There is no merit in the contention of appellees that the districts had no right to proceed with the making of new assessments of benefits until the final decree was entered by the chancery court on the mandate from this court. In the recent case of *Thomas* v. *Street Improvement Dist. No. 296, ante,* p. 187, we decided this question against the contention of appellees. We decided in that case that where an assessment of benefits was found to be invalid for any reason it could be withdrawn by the board of assessors and a new assessment made.

Upon consideration of the testimony in the case we have reached the conclusion that the decree against the validity of the assessment is not supported by the evidence in the case, and it is unnecessary to discuss the question in the case whether appellees were properly permitted to file a supplemental complaint in the original action. The filing of the additional plea could at least be treated as a new action attacking the validity of the assessments, and appellees are bound by an adverse decision, so it is unnecessary to determine whether appellants should have been properly brought into court as upon the filing of an entirely new action.

Appellees are owners of large amounts of real estate in the district, particularly Meyer, who appears, from the testimony, to be the owner of a very large and valuable quantity of real property. He testified in his own behalf, and also introduced other witnesses, who stated their opinions to be that the property of Mr. Meyer and the other appellees was assessed too high. These witnesses, including appellees themselves, were cross-examined, but there was no testimony introduced by the district in support of the correctness of the assessment. Notwithstanding the fact that no testimony was introduced by the district, we must indulge a presumption in favor of the correctness of the assessment made by the board of assessors and approved by the city council, until overcome by sufficient proof introduced in the case.

The supplemental complaint attacking the validity of the assessment was made within thirty days, and constitutes a direct and not a collateral attack on the assessment; but even on a direct attack there is a presumption in favor of the validity of the assessment, and the court should not substitute its judgment for that of the commissioners unless it is overcome by satisfactory evidence. In *Wilkinson* v. *Road Impr. Dist.*, 141 Ark. 164, where a direct attack, as in the present case, was made on the correctness of the asesssments, we said:

"In making the assessments to pay for any proposed improvement, the question is to what extent will the proposed improvement enhance the value of the property against which the assessment is to be levied, for it is this enhanced value which is taxed. The method of arriving at that enhanced value is to be determined by the men charged with that duty, and, as we have frequently said, the judgment of the judges reviewing the assessments should not be substituted for that of the assessors who made the assessments, unless the evidence clearly shows that the assessment is erroneous."

Appellees also attempted to show that the assessment was erroneous and void for the reason that the board of assessors did not take into account all the necessary elements. The principal contention was that, as a great deal of the property in the district fronted on Main Street, which had been paved through the instrumentality of another district, the paving should have been taken into account by the assessors in determining the amount of benefits derived from the paving and curbing to be done in these districts.

The testimony of appellees themselves and witnesses as to the excessiveness of the assessments was intended, of course, to be directed to this issue, and also appellees introduced one of the assessors, Mr. Allen, and attempted to show by him that the assessors did not take into consideration the fact that property in the district fronted on a paved street out of the district. After care-

ful consideration of Mr. Allen's testimony we do not
think it is sufficient to show that the board of assessors
failed to take into consideration all the essential
elements of benefits. We think that an examination of
Mr. Allen's testimony shows that it does not carry the
force that it ought to as coming from one of the members
of the board of assessors, but, as far as it goes, it tends
to show that the board of assessors did consider the fact
that some of the property fronted on Main Street, which
was paved, and the witness did state, over and over
again, that they attempted to consider every element
which tended to affect the question of benefits to the
property in the district. Whatever weakness there was
in the testimony of witness Allen is chargeable to ap-
pellees themselves, for they introduced him and relied on
his testimony, and any of its shortcomings in its tend-
ency to establish facts that would break down the assess-
ments must be charged against appellees, upon whom
rested the burden of successfully overcoming the pre-
sumption in favor of the correctness of the assessments.
There were some apparently contradictory statements
in Mr. Allen's testimony. The following excerpts from
his testimony tend to support rather than to break down
the assessments:

"Q. I wish you would explain to the court what
you took as a basis of these assessments, how you made
them, if you will? A. From benefits derived by each
piece of property * * * Q. You had no system of arriv-
ing at it except just think up the benefits? A. Just
assess the benefits, and our judgment was the only thing
we had in that. Q. And when you arrived at the end it
ran to a little over $123,000? A. I don't remember that.
I don't remember what it ran. I guess this book shows.
Q. And you had no system of percentage? A. No system
of percentage. Q. And no system of deducting from the
old assessment? A. No, we took each piece of property
separately. Q. And examined the old assessment, did
you? A. No sir. Q. Did you make any reference to

that? A. No reference. Q. Can you tell us now, or explain in any way, how you arrived at these odd cents of the assessment? A. I can't tell you any more than I have told you. Q. Don't you know how you did it? A. Only from the benefits is all. * * * Q. What did you take into consideration in making those assessments? A. Benefits. Q. What benefits? A. Any benefits. You take a man that is running a grocery store up here (indicating), if this part of town is paved, don't he get benefits? Q. You took into consideration benefits that he would get if the street that his property is on is paved? A. I don't know about that. * * * Q. Could you tell anything else you took into consideration? A. No sir. Q. Don't you know anything else you took into consideration, except as you looked at a piece of property, and made up your minds it would be benefited the amount set opposite that property? A. That is the way it was assessed. Q. Did you take into consideration the streets that it faced on? A. I don't remember that we did; I don't know that that had any effect on it. Q. I see you have totaled the assessments on Main Street, and it is within the amount of $49,000. Now, did the fact that that property was on Main Street make any difference in your assessments? A. Yes, we took Main Street into consideration. Q. What else did you consider besides it was on Main Street? A. Nothing. Q. Nothing besides the fact that it was on Main Street? A. That was all."

On cross-examination the statement of the witness was as follows: "Q. Mr. Allen, in arriving at the benefits to be assessed against the several pieces of property in the improvement district, you say that you took the pieces of property as a whole in determining the benefits. Do you mean by that you took into consideration its peculiar situation and surroundings? A. We took into consideration each piece of property, all property, the peculiar situation and surroundings of each individual piece. Q. In arriving at the benefits which you would assess against the property? A. Yes sir."

While, as before stated, Mr. Allen's testimony is not very clear as to what was considered by the board in making the assessments. His testimony is more negative in its character, and it carries little, if any, force towards overcoming the findings of the assessors. None of the other members of the board were introduced in evidence, and appellants introduced no testimony at all.

We think that the testimony in the record is not sufficient to overcome the presumption of the correctness of the assessment made by the boards, and that the chancery court should not have set aside the assessment on this showing.

The decree is therefore reversed, with directions to dismiss the supplemental complaint of appellees for want of equity.