## FERGUSON *v.* MCLAIN.

### Opinion delivered June 1, 1914.

1. LOCAL IMPROVEMENT—BRIDGE—PUBLIC BENEFIT.—A bridge for the use of the public is of benefit to the traveling public, and also of special benefit to the adjoining lands, and may be constructed from the proceeds of local assessments. (Page 195.)

2. LOCAL IMPROVEMENT—PROPERTY INCLUDED—ACTION OF CITY COUNCIL.— The action of a city council in including property in an improvement district, is, except when attacked for fraud or demonstrable mistake, conclusive of the fact that such property adjoins the locality to be affected by the improvement, within the meaning of the Constitution. (Page 195.)

3. LOCAL IMPROVEMENT—BRIDGE—CITY.—The whole of a city may be included in one improvement district for the construction of a public bridge. (Page 195.)

Appeal from Jackson Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*Phillips, Hillhouse & Boyce,* for appellant.

*Jno. W. & Jos. M. Stayton,* for appellees.

McCULLOCH, C. J.   The council of the city of Newport passed an ordinance, upon petition of a majority in value of the owners of real property in the city, creating an improvement district, composed of the whole city, for the purpose of erecting and maintaining a bridge across Newport Lake, a body of water, about a mile in length and 200 feet in width, lying within the limits of the city.

A board of improvement was appointed in accordance with the provisions of the statute, and the board proceeded to form plans to make the improvement, and appellant, who was a property owner in the city, instituted this action to restrain further proceedings.  He attacks the ordinance creating the district on the ground that the character of the improvement is not such as may be made by taxation as for local improvements within the meaning of the Constitution and statutes of this State; and the suit also involves an attack on the proceedings of the board, in that there is a variance between the improvement described in the petition of the property owners, and that which is about to be undertaken by the board. The petition was for the formation of a district for the purpose of erecting and maintaining, at the site of the present bridge across Newport Lake, a new bridge and roadway leading from the east end of such new bridge to the west end of Malcolm Avenue; whereas it is alleged that the board has adopted a plan to construct an earthen embankment out into the lake at the site of the old bridge, and to construct a short bridge, only about twelve feet in length, to connect the abutments.

The chancellor sustained a demurrer to the complaint, and after final judgment dismissed the complaint for want of equity.

The first question presented was decided in the case of *Shibley* v. *Fort Smith & Van Buren Bridge District,* 96 Ark. 410, where we held that "a bridge for the use of the public, like a street in a city or a highway in the country, is undoubtedly of great benefit and convenience to the traveling public; nevertheless, it may be also of

special benefit to adjoining lands and a fit subject for construction from the proceeds of local assessments."

It was decided in *Little Rock* v. *Katzenstein,* 52 Ark. 107, that the action of the city council in including property in an improvement district is "except when attacked for fraud or demonstrable mistake—conclusive of the fact that such property is 'adjoining the locality to be affected' by the improvement, within the meaning of the Constitution."

The fact that the statutes empower councils of cities and incorporated towns to construct and repair bridges does not prevent property owners, or a majority in value thereof, undertaking that kind of improvement pursuant to the terms of the local improvement statute. Municipalities are authorized to pave streets, and yet it is a common thing for that to be done at the expense of the owners of property affected thereby.

That the whole of the city may be included in one improvement district is settled by the decision of this court in *Matthews* v. *Kimball,* 70 Ark. 463.

The question as to the amount of benefits does not arise in this case and that must, primarily, be settled by the board of assessors. The statute affords adequate remedy for relief against excessive or unequal assessments. According to the allegations of the complaint, this is a bridge which may operate as a peculiar benefit to all the property in the city, it being the only connection between two parts of the city and also the only method of approaching the city from a large section of farming country.

There is no merit in the contention that there is an attempt to depart from the character of the improvement authorized by the petition. The petition deals with a description of the improvement merely in general terms, and the plan is left entirely for future development by the board. The fact that the bridge is to be shortened and an earthen embankment constructed as a part of the passageway through and over the lake does not alter the character of the improvement as a bridge.

Decree affirmed.