## MULLINS v. CITY OF LITTLE ROCK.

### Opinion delivered July 6, 1914.

1. LOCAL IMPROVEMENTS — ORGANIZATION — STATUTORY AUTHORITY.— Kirby's Digest, § § 5664-5742, authorizes the organization of local improvement districts within a city or incorporated town, and provides for the appointment of a board of improvement and outlines their duties.  (Page 592.)

2. BRIDGE IMPROVEMENT DISTRICTS — ORGANIZATION — AUTHORITY OF COUNTY JUDGE.—The county judge may build a bridge only in accordance with the law, and must appoint a commission of two persons, who, with himself, would constitute a board of commissioners to construct the bridge.  Kirby's Digest, § § 548, 549, et seq. (Page 593.)

3. LOCAL IMPROVEMENTS—COMMISSIONERS—BOARD OF IMPROVEMENT.— There can not be two boards of improvement or commissioners in control of the construction of one improvement.  (Page 593.)

4. BRIDGE DISTRICT—COUNTY COURT—EXCLUSIVE JURISDICTION.—The county court is given power to construct bridges between two different cities or towns, and it may exercise the power to construct such a bridge to the exclusion of any other agency than that provided by law.  (Page 593.)

5. BRIDGE DISTRICT—CONSTRUCTION—AID FROM MUNICIPAL CORPORATION.— There is no provision in the law for a local improvement district to aid a county in the construction of a bridge, connecting two cities.  (Page 593.)

6. BRIDGE DISTRICT—AID FROM MUNICIPAL CORPORATION.—A city is without authority to organize an improvement district to aid the county in the construction of a bridge over a river, which shall connect two distinct municipal corporations.  (Page 594.)

Appeal from Pulaski, Chancery Court; *John E. Martineau,* Chancellor; reversed.

### STATEMENT BY THE COURT.

The city council of Little Rock, upon a proper petition of the real estate owners in a certain locality, passed an ordinance laying off the territory described and creating Bridge District No. 1 for the purpose of aiding the county in building a free bridge across the Arkansas River, a navigable stream more than 400 feet in width, the middle of which is the boundary line between the cities of Little Rock and Argenta, one end of the bridge to be located on Broadway Street, in the city of Little Rock, and the other in the city of Argenta, Pulaski County.

Appellant, the owner of property within the proposed district, brought suit to restrain further proceedings in the creation of the district and construction of the proposed improvement. The validity of the ordinance is challenged, because the improvement contemplated is for the purpose of aiding the county in building a bridge across the Arkansas River, one end of which is to be in the city of Argenta, and not in the bridge improvement district, and because the proposed plan of aiding the county is but a subterfuge for the purpose of building a bridge across the Arkansas River, a part of which must necessarily be beyond the limits of the improvement district. The chancellor sustained a demurrer to the complaint, and the plaintiff refusing to plead further, the court dismissed it for want of equity.

*R. E. Wiley* and *Marvin Harris,* for appellant.

1. An improvement district can not be formed to aid some other person or body to make an improvement. Kirby's Dig., § § 5672, 5676, 5718, 549.

2. An improvement district can not be lawfully formed to aid in making an improvement, part of which is without the city limits. Page & Jones, Taxation by Assessment, § 365; Kirby's Dig., § 5664; 50 Ark. 116; 81 Ark. 286; 67 Ark. 37.

3.   Only those improvements which are local are authorized to be constructed by municipal improvement districts under the terms of the Constitution.   Const. 1874, art. 19, § 27; 67 Ark. 37-39; Hamilton on Special Assessments, § 237; 29 Wis. 599.

*J. W. Mehaffy* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

We think the questions involved here have been settled by former decisions of this court.   96 Ark. 410; 104 Ark. 425; *Ferguson* v. *McLain,* ms. op.; 97 Ark. 334; 70 Ark. 451.   See also 52 N. E. 212.

Appellant objects that the districts can not be formed to aid the county to do the work; but there is no good reason for the distinction sought to be established.

If the district can accomplish the end sought at less expense and more effectively through co-operation with the county, why should such co-operation be forbidden?

KIRBY, J., (after stating the facts).   The statute authorizes the organization of any particular locality in a city or incorporated town into an improvement district, and assessment of the real property therein for the purpose of constructing any local improvement of a public nature in the manner set forth therein.   It provides for the appointment by the council of three persons, owners of real property in the district, who shall compose a board of improvement for it, and this board is required to form plans for the improvement in accordance with the prayer of the petition, and procure estimates of the cost thereof, and to construct and complete the improvement in accordance with the ordinance providing therefor and the law relating thereto.   Kirby's Digest, § § 5664-5742.

The statute also provides that the boards of improvement for such districts "shall have control of the construction of the improvements in their districts." Kirby's Digest, § 5718.

The court has already held that the building of a bridge across a stream within a city is a local improve-

ment of a public nature, for which an improvement district may be organized. *Ferguson* v. *McLean,* 113 Ark. 193.

It is the purpose of the improvement district attempted to be organized ·herein, however, to aid Pulaski County in the construction of a free bridge across the Arkansas River between the cities of Little Rock and Argenta, the improvement district to pay $200,000 for the construction of the improvement and the remainder of the cost thereof to be borne by the county of Pulaski. The county court has the authority to build the bridge but can do so only in accordance with the law, and would have to appoint a commission of two persons, who in conjunction with the judge would constitute a board of commissioners for the construction of the bridge, having all authority to agree upon the plans and specifications and award the contract therefor, and accept the improvement upon its completion. Kirby's Digest, § § 548, 549. The law does not contemplate, and there can not be two boards of improvement or ·commissioners in control of the construction of the one improvement, and the county court is given the power to construct bridges of this kind, and in exercising such power when it undertakes it would necessarily do so to the exclusion of any other agency than that provided for · under the law. It may be desirable to have a free bridge constructed under the terms proposed in the ·ordinance, and that it could be secured for less cost to the district by this contribution by it of the designated sum to the improvement and in aid of the county, but the law makes no provision whatever for a local improvement district aiding the county in the construction of such an improvement. It is true this court held in *McDonnell* v. *Improvement District,* 97 Ark. 334, that an improvement district could receive contributions from the county and ·city to the proposed improvement to reduce the cost of the improvement to the limited 20 per cent of the value of the real property in the district, the law meaning only to limit the amount which can be assessed against the real property of the

district and not the total cost of the improvement when outside contributions reduce it to the prescribed percentage of the real property valuation. Although an improvement district may accept such contributions, there is no power given by law to such a district to levy assessments and make contributions to aid other agencies in the making of the improvement, notwithstanding it could thus secure a desired local improvement at a much less expense to the property owners than would be required if it was constructed by the district itself. Municipal corporations and improvement districts therein are both creatures of the statute and the Legislature has not seen fit to give this power or authority to the city to be delegated to the district nor to the district after its organization by the city council, the city being without power to authorize an improvement district to levy assessments for aiding another agency in the making of the improvement, and such district when organized, having no authority under the law to do so. The ordinance is void, and error was committed in sustaining the demurrer to the complaint. The judgment is reversed and the cause remanded, with directions to overrule the demurrer to the complaint.