MULLINS *v*. COMMISSIONERS OF BRIDGE IMPROVEMENT
DISTRICT No. 2.

Opinion delivered October 12, 1914.

1.  LOCAL IMPROVEMENT—BRIDGE—CITY ORDINANCE—VALIDITY.—An ordinance of a city establishing an improvement district to construct a portion of a bridge across the Arkansas river, the portion to be constructed by the district to be to the center of the river which was the geographical boundary of the city, *held* invalid.

2.  LOCAL IMPROVEMENT—BRIDGE—BOUNDARY OF DISTRICT.—A bridge must be situated wholly within the district created to build it.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

STATEMENT BY THE COURT.

The owners of real property in the vicinity of Broadway Street, in the city of Little Rock, desired to secure the building of a bridge across the Arkansas River at the foot of that street. To this end they organized an improvement district for the purpose of assisting the county of Pulaski in its construction. The validity of that district was passed upon by this court in the case of *Mullins* v. *Mayor and Aldermen of the City of Little Rock,* 168 S. W. 1074. The proposed bridge connected the cities of Little Rock and Argenta, which are separated by the Arkansas River, the center of that stream being the boundary between those cities. It was held in that case that the ordinance establishing that district was void.

Following this decision, another district has been created for the purpose of constructing this bridge, and the appellant here has sought to enjoin all proceedings under ordinances of the city of Little Rock which established said improvement district. Attached to the complaint was a copy of the ordinance, from which it appeared that the nature of the improvement to be undertaken was designated as the building of so much of a bridge across the Arkansas River, for the accommodation of vehicles, foot passengers, street cars and inter-

urban cars, as may be situated within the limits of the district in the city of Little Rock.

An answer was filed by the commissioners of the district, who were made defendants, in which it was alleged that no bridge would be built by them under the ordinance creating their district unless arrangements were made for the building of the entire bridge, that part lying within the city of Little Rock to be built by them, while the portion within the city of Argenta was to be built by an improvement district organized in that city, or by the county of Pulaski.

Other questions were raised by the pleadings which we find it unnecessary to discuss.

Appellant filed a demurrer to the answer on the ground that it failed to state facts sufficient to constitute a defense. This demurrer was overruled, and appellant has duly prosecuted his appeal.

*R. E. Wiley* and *Marvin Harris,* for appellant.

1. An improvement district can not be formed to aid another person or body to make an improvement. *Mullins* v. *Mayor and Aldermen,* ms. op.

The plan adopted in the formation of the present district can not evade or overcome the difficulties created by the decision in the former appeal.

The bridge is a unit. It must be a completed structure before it will justify the expenditure of money on it. Either the county court commissioners or the district commissioners must have control of the construction of the bridge. Two bodies can not exercise separate control over the construction of the two halves of the bridge. The arrangement, therefore, for the county to build that portion of the bridge outside of the district would, under the former decision, be fatal to the validity of the improvement district. And the result is not different in law, if under the ordinance arrangement is made for the Argenta half of the bridge to be built by an improvement district organized in that city.

2. An improvement district can not be lawfully formed to aid in making an improvement a part of which is without the city limits. Page & Jones, Taxation by Assessment, § 365; Kirby's Dig., § 5664; 50 Ark. 116; 81 Ark. 286; 67 Ark. 37.

*Rose, Hemingway, Cantrell, Loughborough & Miles,* for appellees.

The question presented is whether an improvement must be complete in itself and effective, without co-operation. If such a limitation upon the power of organizing improvement districts should be established, it would, as in the case of sewer districts, end in public disaster. In such case, a sewer district could not be organized unless it had an independent means of discharging the sewage. Yet, in point of fact, the great majority of the sewer systems here have been dependent upon other systems of sewers, and would be entirely useless without such co-operation. As illustrating the principle contended for here, see 175 Ill. 24; 51 N. E. 821; 172 Mo. 523; 72 S. W. 944; 1 Page & Jones, Taxation by Assessment, § 401.

If a sewer system could be built dependent upon a water supply yet to be procured, without which it would be entirely useless, as has recently been held by this court could be done, it is certainly possible to provide for the building of half of a bridge when that half is not to be undertaken until the building of the other half is assured. 109 Ark. 99.

SMITH, J., (after stating the facts). The facts in the present case are similar to those in the former case of *Mullins* v. *Mayor and Board of Aldermen*, above cited, except that in that case it was the purpose of the improvement district to assist Pulaski County in constructing a bridge across the Arkansas River connecting the cities of Argenta and Little Rock, whereas, in the present case it is the purpose of the improvement district to construct that portion of the bridge which lies within the city of Little Rock, that is, to a point in the center of the Arkansas River. We think that, to a large extent, the

reasoning of the former case is applicable to the facts of the present case. In the former case, it was held that an improvement district could not be lawfully formed to aid Pulaski County to build this bridge across the Arkansas River, because, among other reasons, the control of the construction of the bridge would be in others than the commissioners of the improvement district, whereas, the law required the control of improvements made by municipal improvement districts to be in the commissioners of the district, and it was there said:

"The law does not contemplate, and there can not be two boards of improvement or commissioners in control of the construction of the one improvement, and the county court is given the power to construct bridges of this kind, and, in exercising such power, when it undertakes it, would necessarily do so to the exclusion of any other agency than that provided for under the law. It may be desirable to have a free bridge constructed under the terms proposed in the ordinance, and that it could be secured for less cost to the district by this contribution by it of the designated sum to the improvement and in aid of the county, but the law makes no provision whatever for a local improvement district aiding the county in the construction of such an improvement."

And, having mentioned the fact that an improvement district might receive contributions from the county and city to a proposed improvement for the purpose of reducing the cost of the improvement to the limited 20 per cent of the value of the real property in the district, it was there further said:

"Although an improvement district may accept such contributions, there is no power given by law to such a district to levy assessments and make contributions to aid other agencies in the making of the improvement, notwithstanding it could thus secure a desired local improvement at a much less expense to the property owners than would be required if it was constructed by the district itself."

If we were correct in so holding, that decision is apparently conclusive of the present case.

To avoid the effect of that decision, the ordinance creating the improvement district under consideration provides that these commissioners shall not undertake the construction of their half of the bridge until suitable and satisfactory arrangements have been made for the completion of the other half by either the county of Pulaski or the city of Argenta, and it is said that the effect of this provision is to provide for the construction of an improvement lying wholly within the district. To sustain this view, we are cited to cases upholding the establishment of sewerage districts where no adequate outlet facilities had been afforded in the plans of the sewerage districts themselves and counsel for appellees cite and rely upon the decision of this court in the case of *Sembler* v. *Water & Light Improvement District,* 109 Ark. 90. In that case a sewerage district was established without the necessary arrangements having been made to furnish water for flushing it, and the district was attacked upon that as well as upon other grounds. Discussing that question, it was there said:

"* * * It does not follow that the owners may not provide for sewers in anticipation of getting a supply of water, and the fact that the present scheme for supplying water in the additional territory failed, affords no reason why the property owners, if they desire to improve their property by constructing sewers, should not be allowed to proceed in that direction. Other means may be provided, either by the city or by the formation of an independent and separate improvement district, to furnish water in that locality, and, in anticipation of that, property owners have the right to organize a district to construct sewers."

But we do not think that case announces the principle which should control here. The sewer district was a complete entity, the construction of which was wholly within the control of the commissioners of that district. They had the authority and were under the duty of exe-

cuting the plans for the construction of this improvement, and there was no division of their authority, no necessity to conform to the requirements, of the commissioners of any other sewerage district in the perfection of their plans and in their execution. Here it must be conceded that the construction of a bridge to the middle of the river would be a useless and futile thing to do and not such an improvement as is contemplated by the law. *Ferguson* v. *McLain,* 113 Ark. 193; 168 S. W. 127.

(1-2) But appellees say that concession is without effect here for the reason that the very ordinance under which they seek to proceed expressly limits their right to construct their portion of the improvement upon the condition that the remainder thereof shall be provided for, either by Pulaski County or the city of Argenta. In its practical effect, we think this is an evasion of our former decision, and the Sembler case does not control. If this is the county's bridge, the commissioners appointed by the county judge, together with that officer, would necessarily have the control of the improvement. Section 549, Kirby's Digest, and *Mullins* v. *Mayor, etc., supra.* And if the construction of the remaining half should be undertaken by an improvement district within the city of Argenta, rather than by Pulaski County, the construction of that half would necessarily be exclusively under the control and supervision of the commissioners of that district. It might be possible for these different agencies to co-operate harmoniously in the construction of this improvement, so that, when their joint labors were completed, a bridge would be constructed, but while this is possible, it is not certain. Even if satisfactory plans should be prepared and accepted, many questions of detail would arise, which would require conferences and concessions, and if these conferences were not held and concessions made, a condition would arise which the law has not contemplated nor provided for. Such an improvement as a bridge must be situated wholly within the improvement district, and, in our opinion, this ordinance seeks to do indirectly

what it is not permitted to do directly, and that is to aid in the construction of this bridge.

For the reasons stated, the decree of the court below will be reversed and the cause will be remanded, with directions to sustain the demurrer to the answer.