BULLOCH *v.* DERMOTT-COLLINS ROAD IMPROVEMENT DISTRICT.

Opinion delivered October 9, 1922.

1. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER.—The act creating the Dermott-Collins Road Improvement District (Acts Ex. Sess. 1920, No. 240, as amended by Sp. Acts 1921, No. 186) *held* not unconstitutional as delegating legislative powers to the commissioners by authorizing them to extend the boundaries to include additional lands which they might decide would be benefited by the improvement; the power so conferred being ministerial, to be exercised only on ascertainment that lands adjoining the district would be benefited.

2. HIGHWAYS—ACT CREATING IMPROVEMENT DISTRICT NOT DISCRIMINATORY.—The act creating Dermott-Collins Road Improvement District is not discriminatory and void in not including lands west of the western terminus of the road, and adjacent thereto, as the failure to include such lands may have been due to the fact that they would likely be included in another district.

3.   HIGHWAYS—LEGISLATIVE FINDING OF BENEFITS.—A legislative find-
ing of what lands would be benefited by a contemplated improve-
ment is binding on courts, except for arbitrary or obvious and
demonstrable mistakes appearing on the face of the act creating
the district, or on account of something of which courts will take
judicial knowledge.

4.   HIGHWAYS—ZONAL SYSTEM OF ASSESSMENT.—Assessment of bene-
fits of a road improvement district *held* not invalid because the
zone system was adopted as a basis to govern in assessing bene-
fits against rural lands throughout the district.

5.   HIGHWAYS—CLASSIFICATION OF PROPERTY FOR ASSESSMENT OF
BENEFITS.—The classification of the property within a road im-
provement district for the assessment of benefits is not dis-
criminatory against the various property owners in that the
commissioners adopted an acreage basis for rural property, a
valuation basis for city property, and mileage basis for railroads
telegraphs and telephones.

6.   HIGHWAYS—ASSESSMENT OF RURAL PROPERTY NOT CONFISCATORY.—
Assessed benefits of a road improvement district against rural
property, ranging from 20 to 50 cents an acre per year, according
to the zone within which the property lies, is not a confiscatory
burden.

7.   HIGHWAYS—VALIDITY OF ACTS OF COMMISSIONER.—Assessment of
benefits of the Dermott-Collins Road Improvement District *held*
not void as levied by an illegal board, in that one of the com-
missioners who resided in the district when created had re-
moved therefrom before the assessment was made, since he was
either a *de jure* or a *de facto* officer, in either of which events his
acts would be binding.

8.   HIGHWAYS—VALIDITY OF CHANGE OF ROUTE.—Assessment of bene-
fits of a road improvement district *held* not void because the
board, with the approval of the county court, changed the route
within an incorporated town so as to pass over private property
not designated as streets by the town council, as required by
Crawford & Moses' Dig., § 7568, since the Legislature could select
another agency to open streets.

9.   HIGHWAYS—CHANGE OF ROUTE—NOTICE TO OWNER.—The validity
of an assessment of benefits of a road improvement district is
not affected by a change of route so as to take private property
for the roadbed without notifying the owners of the property;
such notice not being a jurisdictional prerequisite to a change
of route, but simply a method provided for ascertaining and
establishing the damages accruing to one whose property is
taken for public use.

10. HIGHWAYS—CHANGE OF ROUTE—VALIDITY OF ASSESSMENT.—The validity of an assessment of benefits of a road improvement district created by special act is not affected by a material change in the route, where the act creating the district in express terms authorized the county court to change the route.

11. HIGHWAYS—NECESSITY OF ELECTION.—Where, at the time of the adoption by election of an act creating a road improvement district, the act contained a provision authorizing the county court to change the route, and the act did not provide for another election in case the route was changed, it was not necessary, after change of the route, to hold a second election.

12. HIGHWAYS—NECESSARY BRIDGES.—Where the act creating a road improvement district authorized the construction of "necessary bridges," meaning bridges incident to the main improvement, but not of bridges of such magnitude as to constitute independent improvements, the district was authorized to build two bridges across two small nonnavigable streams at a cost small in comparison to the estimated cost of the entire improvement.

Appeal from Chicot Chancery Court; *N. B. Scott,* special chancellor; affirmed.

*Henry & Harris,* for appellants.

1. The act is unconstitutional and void in that it confers upon the commissioners legislative powers. Act, § 9. No limit is placed by the act upon this delegated legislative authority. 72 Ark. 205; *Whaley* v. *Northern Road Improvement District,* 152 Ark. 573; 143 U. S. 649; 12 Sup. Ct. Rep. 495; 172 U. S. 269, 19 Sup. Ct. Rep. 187.

The act is void also because it is discriminatory. We think that the omission from the district of the lands adjacent to the west corporate limits of the town of Collins, and abutting upon the proposed road, was such an obvious arbitrary and discriminatory enactment as, on its face, to make the act invalid, and that the facts in this case distinguish it from *Hill* v. *Echols,* 140 Ark. 474, and *Cumnock* v. *Alexander,* 139 Ark. 153, relied on by appellees.

2. The assessment of benefits is illegal and void, because made in an arbitrary manner and without regard to benefits received by each tract of land. 66 L. ed. 233; 127 Ark. 310, 315, 316; 153 Ark. 587; 86 Ark. 1;

152 Ark. 573; 151 Ark. 398; 55 N. Y. 604; 48 L. R. A. 851. The assessment is void because the improvements were not assessed. 86 Ark. 14; 127 Ark. 315. The assessment is void because of illegal classification of property discriminating against various property owners, viz: rural property upon a flat acreage basis, urban property upon an *ad valorem* basis, *i. e.*, upon the assessed value as fixed by the county assessor on the general assessment records, and railways, telegraph and telephone property upon a mileage basis. The assessment of benefits is confiscatory. 50 Ark. 116; 86 Ark. 1; 98 *Id.* 543; 68 *Id.* 376; 119 *Id.* 254; 118 *Id.* 303; 32 *Id.* 31; 39 *Id.* 202; 86 *Id.* 231.

The assessment is void because the estimated cost of the improvement exceeds the total benefits to the lands. 89 Ark. 516.

The assessment is void because levied by an illegal board, rendered so by the removal of the secretary of the board from the county of his residence when the act was passed creating the district into another county in the district where the assessment and other proceedings were had.

*John Baxter* and *Coleman, Robinson & House,* for appellees.

1. The assessment of benefits is not void because made in an arbitrary manner. The adoption of the zone system, as appears by the record, was done only after consideration of all the elements essential to a fair and equitable assessment, and the assessment was made in accordance with the best judgment of the commissioners. 141 Ark. 164; 135 *Id.* 155; 139 *Id.* 322, 325; 143 Ark. 341; 153 Ark. 587.

The assessments are not void for failure to include the improvements. The improvements were in fact included. Neither is the assessment void because of illegal classification. Assessments based upon classification of various kinds of property have repeatedly been approved. 134 U. S. 232; 210 U. S. 245; 222 U. S. 525; 229 U. S. 322; 247 U. S. 132.

The assessment does not amount to confiscation. The court is not justified in substituting its judgment for that of the commissioners, unless for some palpable error clearly shown, and the evidence here shows that the assessment was made in a careful and painstaking manner, and would greatly benefit the property in the district, the benefits probably exceeding the amount actually assessed against the district. 151 Ark. 484; 110 U. S. 347; 154 U. S. 112; 191 U. S. 310; 214 U. S. 359 and cases cited; 181 U. S. 340, 341; 172 U. S. 269; 221 U. S. 550, 553.

The removal of one of the commissioners from one county into another in the district did not affect the legality of his acts. 120 Ark. 287.

The route has not been invalidated by any material change. It is shown that the road runs over substantially the same line as the original road, except for the purpose of straightening it only. Moreover, the Legislature had the right to grant the commissioners the right to change the route with the consent of the county court. 120 Ark. 284; 147 *Id.* 469.

The act is not void because it confers legislative power on the commissioners. 125 Ark. 57; 142 *Id.* 62; 147 *Id.* 362.

The act is not void, as discriminatory, because it limits the eastern and western boundaries of the district. 139 Ark. 153; *Id.* 431.

HUMPHREYS, J. This is an appeal from a judgment of the Chicot Chancery Court dismissing appellant's bill, attacking the constitutionality of the act and the amendment thereto creating the Dermott-Collins Road Improvement District and the validity of the assessment of benefits as a whole against the property. The district was created by act 240 of the Extraordinary Session of the General Assembly of 1920, and amended by act 186 of the Special Acts of the General Assembly of 1921. The bill was filed pursuant to section 11 of said act, according property owners in the district the right to contest the validity of the assessments of benefits, within

thirty days after written protests against them should be overruled by the commissioners.

The constitutionality of the act, as amended, is assailed upon two alleged grounds: first, that the act confers legislative powers upon the commissioners; second, that the act is discriminatory.

(1) In section 9 of the act authority was conferred upon the commissioners, by and with the consent of the county court, to extend the boundaries so as to include additional lands which they might decide would be benefited by the improvement. Appellants contend that the right to extend the boundaries was a delegation of legislative authority to the commissioners. We do not think so. The power conferred was ministerial, and to be exercised only upon ascertainment that adjoining lands to the district, as created, would be benefited. The legislative function of creating the district was performed by the Legislature itself.

(2). It is asserted that the act is discriminatory and void because lands lying within five miles north and south of the improved road in Collins are embraced within the district, whereas lands of the same character lying west of the corporate limits of Collins and adjacent to the road are not included. The western boundary of Collins is the terminus of the road. Improved roads must have termini. The failure to include the lands west of Collins may have been due to the fact that they would likely be included in another district on toward Monticello. A legislative finding of what lands will be benefited by a contemplated improvement is binding upon courts, except for arbitrary or obvious and demonstrable mistakes, appearing in the face of the act creating the district, or on account of something of which courts will take judicial knowledge. *Cumnock* v. *Alexander,* 139 Ark. 153; *Hill* v. *Echols,* 140 Ark. 474.

The validity of the assessment of benefits is assailed upon many grounds. The zone system was adopted as a basis to govern in assessing benefits against rural lands

throughout the district. This is made the first ground of attack on the assessment. The zone system has been approved by this court as a proper method for determining benefits to lands embraced within an improvement district, provided that the commissioners of the district, after considering all the elements affecting the benefits, conclude that the benefits to the respective tracts of land may be arrived at in that manner. *Bd. of Imp.* v. *S. W. Gas & Elec. Co.,* 121 Ark. 105; *Mo. Pac. R. Co.* v. *Conway County Bridge Dist.,* 134 Ark. 292; *Wilkinson* v́. *Imp. Dist.,* 141 Ark. 164; *Oates* v. *Cypress Creek Drainage Dist.,* 135 Ark. 155; *Rogers* v. *Highway Dist.,* 139 Ark. 322; *Desha Road Imp. Dist. No. 2* v. *Stroud,* 153 Ark. 587; *Reisinger* v. *Improvement Dist.,* 143 Ark. 341. Appellants contend that the commissioners in the instant case arbitrarily or blindly adopted the system without taking into consideration the character and value of the respective tracts of land, their comparative fertility, the improvements located thereon, their proximity to towns or railroads, etc. We do not so interpret the testimony. After a careful reading thereof, our conclusion is that the commissioners, after a consideration of all the elements affecting the benefits, by a majority of four to one concluded that the zone system would work out a fair, just and correct assessment of benefits against the separate tracts of land. It is true the commissioners testified that in making the assessment they did not take into consideration the value and character of the lands, or whether located in close proximity to towns or railroads, the only thing considered being the distance of respective tracts of land from the road to be improved; that they assessed eleven dollars an acre against all lands within one mile of the road; eight dollars per acre against those from one to two miles; six dollars per acre against those from two to three miles; four dollars per acre against those from three to four miles; and two dollars per acre against those from four to five miles away from the road. This testimony had relation to making the assessment of benefits against each tract of land and

not to the basis adopted for making the assessment, as indicated by the following question propounded to C. R. Bates, one of the commissioners: "Was any variation made in the assessment of benefits on account of existing fences, barns, or houses located on lands within the same zone in the district, or other improvements?" and also indicated by his statement, that they tried to take everything into consideration tending to affect the assessment, and that the zone system was a fair and equitable manner by which to assess the benefits, and as further indicated by the explanation of Dr. J. A. Thompson and Walter Porter, two of the commissioners, that they made no difference between unimproved and improved land, because unimproved land had timber on it which became more accessible on account of the road, and because one acre of new-ground was worth two of old land.

Appellants next contend that the benefits to improvements upon certain of the lands was not assessed. We do not so interpret the evidence. Everything that would be benefited on account of the improvements was considered by the commissioners in adopting the zone system. The adoption of the zone system eliminated the necessity of further consideration of improvements, values or other elements affecting the benefits, except the distance of the respective tracts of land from the road.

Appellants next contend the classification of the property adopted by the board for the assessment of benefits was discriminatory against the various property owners. They adopted an acreage basis for rural property, a valuation basis for city property, and a mileage basis for railroads, telegraph, and telephone. A classification of the various kinds of property as a basis upon which to assess benefits has been approved by this court as feasible and practical. *Oates* v. *Cypress Creek Drainage Dist.,* 135 Ark. 155.

Appellants' next contention is, that the assessment of benefits is illegal because confiscatory of the land.

The testimony is in sharp conflict upon this point. That introduced by appellants is in the nature of opinions based upon the low price of farm products and that an additional tax will decrease rather than enhance the value of the property. That introduced by appellees is also in the nature of opinions based upon increased accessibility to the lands, convenience of travel, added marketing facilities, and enhancement in value of lands on account of the construction of a good road. The record reflects that the old road is almost impassable a great part of the year. After a careful review of the testimony we cannot say that the finding of the chancellor, adverse to the contention of appellants, is contrary to the weight of the evidence. The assessed benefits against the rural property, according to the zone within which it lies, ranges from twenty to fifty cents an acre per year, which, within itself, is not large enough to say the assessment is a confiscatory burden laid upon the land.

Appellants next contend that the assessment of benefits is void because, it is said, a preponderance of the evidence shows that the estimated cost of the improvements exceed the total benefits to the land. The estimated cost of the improvement is about $200,000. The benefits assessed against the lands are about $400,000. A majority of the commissioners and certain landowners in the district are of the opinion that the land will be benefited to the full extent of the assessments on account of the improvement. In the opinion of a number of landowners the value of the lands will be decreased instead of increased by the construction of the road. Each witness has assigned reasons for the opinion held by him. For example, some say that a good road will not enhance the value of land near it because it does not increase its productive qualities, whereas others say that it does, because it renders the land more accessible and increases the opportunities for marketing the products on cultivated lands, and the opportunity to sell the timber on wild lands. After a full consideration of the opinions of the several witnesses, and the reason assigned by each in

support thereof, we have concluded the finding of the chancellor, adverse to appellants' contention, is not contrary to a preponderance of the evidence.

Appellants' next contention is, that the assessment of benefits is void because levied by an illegal board. This contention is based upon the fact that C. R. Bates, a commissioner who resided in Drew County when the district was created, removed to a point within the district in Chicot County, before the assessment of benefits was made. It is undisputed that he acted with the other commissioners in making the assessment. No proceeding was brought to oust him. He acted either in the capacity of a *de jure* or *de facto* officer, and in either event his acts would be binding.

Appellants next contend that the assessment of benefits is based upon an invalid route and void, assigning three reasons in support of the contention. The first reason given is that the board, with the approval of the county court, changed the route in the incorporated town of Collins so as to pass over private property not designated as streets by the town council. It is contended that the county court had no jurisdiction to open a highway through private property within incorporated towns and cities. That the exclusive power to open streets and alleys is vested by § 7568, C. & M. Digest, in towns and cities. It is true such power was granted to incorporated towns and cities by the section in question, but by doing so the Legislature did not lose its authority to withdraw such power and vest it in another agency. The act creating the district made the western corporate line of Collins a terminus of the road, and conferred power upon the county court to change the route. The Legislature could have selected any route it pleased through the town of Collins for the highway, notwithstanding its prior delegation of exclusive power to towns and cities to open streets and alleys within the corporate limits, and by virtue of such reserved authority could have selected another agency to do so.

The second reason given is, that the route was changed so as to take private property for the roadbed without giving notice to the owners of the property, in the manner provided by § 8 of the act. It is shown that this was done without notice. The notice provided by this section is not a jurisdictional requirement or prerequisite to changing the route. It is simply a method provided for ascertaining and establishing the damages accruing to a property owner, whose private property is taken for public use. The effect of the failure to give the notice is to postpone the ascertainment of the damages until the property is actually taken, and could in no wise affect the validity of the assessment of benefits.

The third reason given is, that the route has been materially changed. Without deciding, but conceding this to be so, it does not invalidate the assessment of benefits. Section 1 of the act creating the district in express terms authorizes the county court to change the route. The rule contended for, that only immaterial changes can be made in the route, is applicable to districts organized under the Alexander law, or special acts in which authority was not conferred on any agency to make a change in the route. The rule is applicable under the Alexander law because the property owners in a contemplated district have a right to know the route in advance, so they may intelligently decide whether they want to organize the district. The Legislature has authority to create an improvement district based upon the benefits to the lands included therein, and to designate the route, or select an agency to do so, without the consent of the property owners. Having such authority, it naturally follows that it may authorize an agency to make a material change in the designated route.

Appellants next contend that it was necessary, under § 36 of the act creating the district, to hold another election after the route was changed, which automatically changed the boundaries of the district, to put the act into effect. The record reflects that an election was held pur-

suant to the provisions of § 36, in which the act was adopted by a vote of 501 for and 22 against.  At the time of the adoption of the act it contained a provision authorizing the county court to change the route.  The act contained no provision for another election in case the route was changed.  The act went into effect when voted upon, subject to any change the county court might thereafter make in the route.  This was clearly the intention of the act, else provision would have been made for another election.

The last contention for appellants is, that the assessment for benefits is void because made to embrace bridges across Cut-Off Creek and Bayou Bartholomew.  These are not navigable streams, and the plans provide for wooden bridges to be constructed over them at an estimated cost of between $10,000 and $12,000.  The estimated cost of the bridges is small in comparison with the estimated cost of the entire improvement.  The commissioners are authorized under § 3 of the act to construct necessary bridges.  This means, of course, bridges incident to the main improvement, and not bridges of such magnitude that themselves would constitute independent improvements.  We do not think the character of bridges to be constructed over these non-navigable streams, or their estimated cost, stamp them as independent improvements.  They are incidental and necessary to the construction of the road.  In other words, they are component parts of one improvement.

The decree is affirmed.

HART, J., (dissenting).  Judge Wood and myself think that the assessment of benefits in this case was made upon an arbitrary basis.  The zone system was adopted.  The road ran through rich bottom lands in a high state of cultivation, and poor hill farms.  The bottom lands and hill lands were placed in the same zone.  No account was taken of the fact that some of the lands were cut up with slashes and sloughs.  Timber lands and cut-over lands were placed in the same zone with lands

in a high state of cultivation which had valuable houses and barns upon them. These facts are undisputed.

It is true that some of the witnesses testified that the bottom lands and hill lands were equally benefited; that the lands which were all in cultivation were not benefited more than corresponding tracts cut up with slashes and sloughs, and that the proximity to the road caused the benefit to the lands, regardless of the quality of the soil or the topography of the earth.

We do not think that their testimony is in accord with common reason, and are of the opinion that it was an arbitrary act on the part of the commissioners to place all these different kinds of lands in the same zone. It is a matter of common knowledge that poor hill lands cannot pay the same taxes as rich bottom lands, and it follows that the benefits in such cases are not the same.

It is also true that lands which are cut up with slashes and sloughs cannot pay the same amount of taxes as those tracts where all the land is susceptible of cultivation. A great preponderance of the evidence in the present case shows that the system of assessing benefits adopted will operate disastrously to the landowners, and will place a grievous burden upon them, instead of benefiting their lands. The assessment of benefits was made in an arbitrary and unreasonable manner within the rule in *Lee Wilson Co.* v. *Road Imp. Dist. No. 1*, 127 Ark. 310.

It does not matter that witnesses swear that lands will be equally benefited by a road, if the situation and conditions described show otherwise.