MACK *v.* PARAGOULD & HOPKINS BRIDGE ROAD IMP. DIST.

Opinion delivered May 11, 1925.

1. BRIDGES—CONSTRUCTION AS PART OF HIHGWAY.—A bridge 19,000 feet long to be constructed at an expenditure of $57,000, as part of a road improvement to cost $190,000 *held* not so excessive in cost as to require that it be constructed as a separate improvement.

2. HIGHWAYS—CONSTRUCTION OF PLANS.—Plans for construction of a highway, described in landowner's petition and the county court orders, *held* not to call for improvements of any city streets.

3. HIGHWAYS—VALIDITY OF IMPROVEMENT DISTRICT.—The fact that a proposed road improvement under the control of a single set of commissioners extended to the middle of a river which constituted the State boundary did not invalidate the district, where it there connected with a similar improvement by the adjoining State, so as to form a completed bridge across the river.

Appeal from Greene Chancery Court; *J. M. Futrell*, Chancellor; affirmed.

*Jeff Bratton,* for appellant.

*D. G. Beauchamp,* for appellee.

SMITH, J.   Appellants are the owners of real estate lying within the Paragould and Hopkins Bridge Road Improvement District No. One of Greene County, Arkansas, and have by this suit attacked the validity of that district.

It was alleged in the complaint which appellants filed that the district is void for the reason that, in the plans and specifications prepared by the State Highway Department and filed in the county court of Greene County, upon which the final petition signed by the landowners was predicated, as required by law, a bridge or viaduct is provided for extending from the west line of the lowlands adjacent to the St. Francis River to the center of the channel of said stream. This bridge or viaduct is 1,900 feet in length, and the cost of its construction is estimated at $57,000, and it is alleged that the district has no authority or power to build this bridge or viaduct.

It was also alleged that the map of the district describing the proposed improvement, which was attached to the final petition of the landowners, shows a road to be improved which extends beyond the boundary of the proposed district, and that this fact renders the district void.

The district in question was organized upon the petition of the landowners, under the provisions of what is known as the Alexander road law (§ 5399 *et seq.,* C. & M. Digest).

It appears from the record in the case that the purpose of the proposed improvement is to connect the city of Paragould with an improved highway which has been built in the State of Missouri to the State line, the improved road in that State extending to the center of the St. Francis River, which forms the boundary between the two States at that point.

St. Francis River, at the point where it is proposed
to cross it by connecting up with a bridge built in Mis-
souri to the State line, is a very small, narrow stream, but
there is an annual overflow which spreads over its banks.
Adjacent to the river is a sandy alluvial soil, which was
not regarded as adapted to forming the base of an
improved road, and the plans prepared by the State
Highway Department called for the building of a viaduct
or bridge over this area and across a drainage ditch
and levee and over that part of the river proper lying in
this State, and connecting with the portion of the bridge
in the State of Missouri.

As has been said, the total length of the bridge or
viaduct is 1,900 feet, of which the portion extending into
the river proper is about 150 or 200 feet, and the portion
spanning the ditch is between 100 and 150 feet. The
remainder extends over the lowlands adjacent to the
river.

It is insisted that the bridge or viaduct is of such
magnitude that it can only be constructed as a separate
improvement, and the case of *Van Dyke* v. *Mack*, 139 Ark.
524, is cited as sustaining that contention.

The case just cited involved the construction of a
special act of the General Assembly creating the Arkan-
sas & Missouri Highway Improvement District, by the
terms of which improvement districts were created in
each of the counties through which the proposed road
ran, to construct the portion of the road lying within the
respective counties. One of these districts was in Jack-
son County, through which the White River flows, and it
was insisted that the statute creating the district author-
ized the commissioners of the district in Jackson County
to build a bridge over White River.

Section 4 of the special act creating that district
authorized the commissioners "to construct bridges, sub-
ways, culverts, and all necessary appurtenances or said
roads," and we held that the language of the statute
quoted did not authorize the commissioners to construct a

bridge across White River as a part of the road to be improved, for the reason that it was manifestly intended by the statute to authorize only such bridges, subways and culverts as would constitute necessary appurtenances to the road to be constructed, and not bridges of such size and magnitude as would constitute separate improvements.

Section 7 of the Alexander law (which is § 5409, C. & M. Digest) provides that the plans for a proposed road shall show the grading to be done, the bridges and culverts to be constructed, and the other work necessary to construct the proposed improvement, and confers power to build such bridges and culverts as are a necessary part of the road, and are not of such magnitude as to constitute a separate improvement.

The facts here are very different from those in the case of *Van Dyke* v. *Mack, supra,* and are very nearly like those in the case of *Bullock* v. *Dermott-Collins Road Imp. Dist.,* 155 Ark. 176, where the proposed road crossed a large creek and Bayou Bartholomew, and bridges costing from ten to twelve thousand dollars over each stream were required. Bayou Bartholomew is a stream of approximately the size of the St. Francis River where the road in the instant case crosses it.

Here the bridge or viaduct extends to the center of the St. Francis River, a distance of less than 200 feet; it crosses a drainage ditch and levee, which requires nearly the same amount of bridge work, and the remainder of the 1,900 feet, comprising the total length of the bridge or viaduct, is over land which might be crossed by building an embankment, if a bridge or viaduct were not regarded by the engineers who formulated and prepared the plans as being more desirable, and this bridge or viaduct is for the larger part of the distance merely an elevated highway. The estimated cost of the bridge or viaduct is $30 per running foot.

The total estimated cost of the whole improvement is $190,400, and we do not think the proportionate cost

of the bridge or viaduct is so large that it could only
be constructed as a separate improvement, but we think
that, like the bridges in the case of *Bullock* v. *Dermott-
Collins Road Imp. Dist., supra,* it is a component part of
one improvement.

Of the second ground of attack but little need be
said.  The west end of the road is at the east end of
Junction Street, in the city of Paragould, which street
extends to the boundary of the city.   In other words,
the proposed road extends to the east boundary of the
city of Paragould, and runs for several miles on section
lines before reaching the city, and the line of this road,
as marked by the engineer on the plat, extends into the
city for a short distance, as if it were proposed to improve
a portion of Junction Street in that city, and which runs
beyond the boundary of the district.   This line does
extend beyond the boundary of the district, but the por-
tion of the road to be improved is colored and the por-
tion of the line extending into the city is not colored.
Moreover, the petition circulated among and signed by
the landowners described the road as beginning at the
east end of Junction Street in the city of Paragould, and
the orders of the county court so described the road to
be improved, and we do not think it can be fairly con-
tended that the plans called for the improvement of a por-
tion of the street in the city of Paragould which is not
in the district.

It does not appear from the record before us that
the proposed improvement is open to the objections
which proved fatal to the proposed improvement in the
cases of *Mullins* v. *Little Rock,* 113 Ark. 590, and *Mullins*
v. *Commissioners' Bridge Imp. Dist. No. 2,* 114 Ark. 324.
Each of those cases involved the construction of a
bridge across the Arkansas River at the city of Little
Rock.   In the first of those cases the proposed improve-
ment was defeated because, as was held by this court,
there was no provision in the law for a local improve-
ment district to aid a county in the construction of a

bridge connecting two cities, as was proposed in that case. In the second of those appeals, which involved the same improvement, it was held that there could not be two separate sets of commissioners to build a single improvement.

In the instant case it appears from the record before us that the commissioners will have sole control of the proposed improvement, which lies entirely in the district, and although it extends to the center of the St. Francis River, that fact will not defeat the construction of the improvement because it there connects with a similar improvement, and, when so connected, a completed bridge will exist and will afford a facility for crossing the river.

We think the court below was correct in dismissing the complaint as being without equity, and that decree is affirmed.