GREENE COUNTY v. PARAGOULD.

Opinion delivered February 28, 1927.

1. BRIDGES—AUTHORITY OF COUNTY TO BUILD.—A county may expend its road funds in constructing a bridge over a ditch constituting the boundary of a city, though half of the bridge will be inside of the city limits.

2. BRIDGES—AUTHORITY OF CITY TO BUILD.—A city had power to bind itself to pay half of the cost of a bridge which constituted its boundary line notwithstanding that half of the bridge would be without the city limits.

Appeal from Greene Circuit Court, First Division; *G. E. Keck,* Judge; reversed.

*John D. Hoskins,* for appellant.

*Jeff Bratton,* for appellee.

SMITH, J.   This cause was tried in the court below upon an agreed statement of facts, in which it was recited that the ditch constructed by the Eight-Mile Drainage District is the east boundary line of the city of Paragould at the point where the drainage ditch intersects Junction Street in that city, and the extension of this street from that point is a county road of the first class.   In the year 1923 it became necessary to construct a new bridge over said ditch at the point where Junction Street intersects it, and a controversy arose between the city of Paragould and the county of Greene as to whether the city was liable for any part of the cost of building and constructing said bridge, inasmuch as only one-half thereof would be within the corporate limits.

With the consent of the city council, the mayor of the city entered into an agreement with the county judge, which is as follows: "Whereas, it has become necessary to rebuild what is known as Junction Street bridge, same being a first-class bridge across Eight-Mile Ditch, located at the terminus of Junction Street across said Eight-Mile Ditch, said ditch being the corporation line along the eastern limit of the city of Paragould, and the matter of the cost of construction of such bridge being in dispute, and the city contending that it is not liable

for any part of the costs of construction of said bridge, the county contending that the city is liable for one-half of the cost of constructing said bridge, but the construction of said bridge being a matter of urgent public necessity, it is therefore hereby agreed by and between the county and the city that the county and the city will jointly, each sharing one-half of the cost thereof, immediately construct said bridge, with the express and distinct understanding that the city will claim reimbursement for all moneys expended by it in the construction of said bridge, and that the city, in paying one-half of the cost of constructing said bridge, does not in any way waive or thereby estop the city from claiming, and, if legally entitled thereto, from being reimbursed for all moneys thereby expended.

"It is understood that the city will duly file its claim with the county court of Greene County, Arkansas, for allowance and reimbursement of all moneys expended by it in constructing said bridge."

The bridge was built, and, pursuant to this agreement, the city paid $871.37, which was one-half the cost of construction, whereupon the city filed a claim with the county court for reimbursement. The claim was disallowed, and an appeal was prosecuted to the circuit court, where judgment was rendered in favor of the city and the claim ordered allowed by the county court, and this appeal is from that judgment.

It is conceded that, had the county elected so to do, it might have paid the entire cost of the construction of the bridge. *Greenberg Iron Co.* v. *Dixon*, 127 Ark. 470. But the county did not elect so to do. Obviously it was the purpose of the county judge to require the city to pay one-half the cost of the bridge if the city had the power so to do, and we think the city had that power.

Section 7563, C. & M. Digest, reads as follows: "Each city of the first and second class and incorporated towns in this State shall have the power to build, construct and keep in repair any bridge within the corporate

limits thereof at the exclusive expense of any such municipal corporation.''

It is true, only one-half of this bridge lies within the corporate limits of the city, but it is true also that the city paid only one-half of the total cost, which amounts to the city paying for the portion of the bridge within the corporate limits.

Presumptively an agreement had been reached as to the character of the bridge and the plans therefor and the cost thereof; at least no question is raised to the contrary, and, upon the execution of these plans, a completed structure—a bridge—afforded means of ingress and egress into and out of the city, one-half of which was in the city.

In insisting that the city bear one-half of the cost of the bridge, the county judge was not imposing on the city an obligation which was *ultra vires.* Section 7563, C. & M. Digest, *supra.*

The bridge in question supplies the missing link which connects Junction Street in the city of Paragould with the road which was involved in the case of *Mack v. Paragould & Hopkins Bridge Road Imp. Dist.,* 168 Ark. 867. In that case there was involved the question of building a bridge across the St. Francis River, and the plans for the proposed improvement called for the construction of a bridge to the center of the river—the boundary of the district—where connection was made with a similar improvement, thus making a completed bridge across the river. We there said: ''It does not appear from the record before us that the proposed improvement is open to the objections which proved fatal to the proposed improvement in the cases of *Mullins v. Little Rock,* 113 Ark. 590, and *Mullins v. Commissioners Bridge Imp. Dist. No. 2,* 114 Ark. 324. Each of those cases involved the construction of a bridge across the Arkansas River at the city of Little Rock. In the first of those cases the proposed improvement was defeated because, as was held by this court, there was no provision in the law for a local improvement district to aid a

county in the construction of a bridge connecting two cities, as was proposed in that case. In the second of those appeals, which involved the same improvement, it was held that there could not be two separate sets of commissioners to build a single improvement.''

We are of the opinion that there is nothing in either of the Mullins cases militating against the right of the city to pay the cost of the bridge in the city limits because a part of the bridge was without the city limits. The contract between the city and the county contemplated a single structure, which has been built, and we perceive no reason why the city might not bind itself to pay one-half of the cost thereof, inasmuch as half the bridge was within the city limits.

The city should not therefore have recovered the sum which it had agreed to pay and has paid, as it had the power so to agree, and the judgment of the court below will therefore be reversed and the cause of action dismissed.